Sam MILLER, Appellant,

v.

**J. R. BLALOCK, M.D., Superintendent, Southwestern State Hospital, Marion, Virginia, Appellee.**

Sam MILLER, Appellant,

v.

**Joseph R. BLALOCK, M.D., Appellee.**

**Nos. 12019, 12247.**

United States Court of Appeals Fourth Circuit.

Argued March 5, 1969.

Decided May 21, 1969.

Daniel G. Grove, Washington, D. C., court-assigned counsel, for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

This is an appeal from orders of the Western and Eastern Districts of Virginia denying the petitioner's applications for writs of habeas corpus.

The petitions challenge for a second time the validity of the procedures followed in committing Miller to a mental hospital. In a former opinion, Miller v. Blalock, 4 Cir., 356 F.2d 273, we found that Miller, an accused but unconvicted felon, had "been confined for an indefinite period of time without the essential rights of notice and hearing, or opportunity to be heard before a competent tribunal." We remanded the case to the

district court "with instructions to release the prisoner unless the state affords petitioner the hearing to which he is entitled within a reasonable time." *Id.* at 276.

The Corporation Court of the City of Norfolk then entered an order appointing the director of the mental institution in which Miller was incarcerated and two other physicians on his staff as a commission to "inquire into the facts as to the sanity and mentality of said Sam Miller and report their findings to this court." The court appointed an attorney to represent Miller.

Two weeks later the commission sent its findings to the court. The entire report follows:

> In accordance with your Order dated April 5, 1966, the above named (Sam Miller) was examined by the undersigned commission, April 18, 1966. He was examined in the presence of Mr. D. Burke Graybeal, Attorney at Law, who was appointed by the Court to represent him. The commission was appointed to inquire into the sanity and mentality of the said Sam Miller and report their findings to the Court.
>
> This is to report that as a result of our examination we find him to be psychotic (insane), and incompetent at this time and unable to stand trial on the charges pending against him. We are in accord with the official diagnosis, namely Schizophrenic Reaction, Paranoid Type, that has already been made.

Without further hearing, the court ordered Miller confined to the hospital.

 Upon oral argument, counsel for the state conceded that the hearing did not comport with the standards of due process. We agree. The report of the commission is entirely conclusory. There are no findings of underlying facts to show whether the petitioner can assist in his defense at his pending criminal trial.[1] There is nothing in the record to show that Miller had an opportunity to introduce any evidence on his behalf or to cross-examine witnesses against him. The procedure for committing an accused but unconvicted felon should contain safeguards at least equivalent to those provided in the procedures for civil commitment.

We recognize Virginia's strong interest in protecting her citizens from mentally ill persons with violent tendencies. And it is Virginia who should set standards of mental competency and who should spell out the procedures for the commitment of the mentally ill. It is only when those standards and procedures fail to protect substantial rights under the Fourteenth Amendment that the federal courts must provide appropriate remedies. The concession of Virginia's Attorney General, however, has led to a reopening of proceedings in the Corporation Court for the City of Norfolk, and Virginia's interest in managing and developing her own criminal and commitment processes and procedures strongly supports a withholding of the hand of the federal courts until those proceedings are concluded provided they are prosecuted with reasonable promptness.

With this clarification of our former opinion, we vacate the orders of the district courts and remand these cases to the District Court for the Western District of Virginia with instructions to hold the cases for a reasonable time to allow Virginia to hold a hearing comporting with the requirements of the Fourteenth Amendment. Should Virginia fail to hold such a hearing, the dis-

---

1. Even if the diagnosis by the commission that Miller suffers from a schizophrenic reaction of the paranoid type be correct, Miller may be competent to stand trial. The relevant inquiry is whether Miller would be able to assist in his defense. That this change of focus of the inquiry is not purely a semantic difference is shown by the fact that Miller "does at times have relatively lucid intervals during which he seems to be free from psychotic symptoms * * *." May 1965 Report to the Norfolk Corporation Court.

trict court should hold a hearing to determine whether Miller is competent to stand trial, and if Miller be found competent to stand trial the district court shall order his release, unless promptly tried on the criminal charge.[2]

Vacated and remanded.

---

2. Nothing we say in this opinion prohibits Virginia from instituting civil commit-

ment proceedings against Miller at any time.